UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GENE SNODEY (2022-0502094), | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 23-cv-10094 |
| v. | ) ) | |
| | ) | Hon. Steven C. Seeger |
| TOM DART, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's *in forma pauperis* application (Dckt. No. [3]) is denied without prejudice. If Plaintiff wants to proceed with this case, he must either (1) pre-pay the $402.00 filing fee, or (2) seek leave to pay the filing fee in installments by submitting a properly completed application for leave to proceed *in forma pauperis* containing all the information set forth in this order. Failure to do so by January 15, 2024 will result in dismissal of this case. Plaintiff's motion for attorney representation (Dckt. No. [4]) is denied without prejudice. The Clerk is directed to send Plaintiff a copy of this order and a blank *in forma pauperis* application (prisoner version).

## STATEMENT

William Gene Snodey, an inmate at the Cook County Jail, brings this *pro se* civil rights lawsuit under 42 U.S.C. § 1983, raising several claims of mistreatment while at the jail. Now before the Court is Plaintiff's application for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $402.00 filing fee upfront, he may seek leave to proceed *in forma pauperis* (in other words, leave to pay the fee over time with monthly installments taken from his trust fund account; in that instance, the filing fee is $350.00 as an administrative fee is waived). The Court evaluates twelve months of financial information to determine if an inmate is eligible to proceed *in forma pauperis*. If so, the Court calculates the initial partial filing fee using a trust fund certification and the inmate's trust fund ledgers from the past six months from any facility at which he was confined during that period, all of which an inmate must submit with his application. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff's application is denied without prejudice as incomplete. First, Plaintiff has not provided a copy of his trust fund statements for the six months preceding the filing of this lawsuit. *See* IFP Application, at 2 (Dckt. No. 3).

Second, Plaintiff did not accurately complete the application. He listed the twelve month total for income from all categories as "0," despite having received average monthly deposits of $249.16 for the six months preceding the filing of this lawsuit according to the trust fund certification provided. *See* IFP Application, at 1–2 (Dckt. No. 3). The Court will not rubber stamp applications that omit required information or provide incorrect information.

Plaintiff must ensure that any future application he files accurately discloses the sources and amounts of any income that he has received in the prior twelve months, including gifts or deposits by others into his inmate trust fund account. It is Plaintiff's responsibility to ensure that his financial disclosures are accurate. Intentional misrepresentations of his income may result in dismissal or other sanctions. *See Robertson v. French*, 949 F.3d 347, 352 (7th Cir. 2020).

The Court observes that Plaintiff's substantial average monthly deposits of nearly $250 per month arguably do not support a finding of indigency given that Plaintiff's basic necessities are provided by the county. *See Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987); *Maboneza v. Kincaid*, 798 F. App'x 19, 21 (7th Cir. 2020) (affirming finding that prisoner who had received more than $1,200 in prior six months was not indigent, and observing that "[c]ourts have broad discretion in assessing the sufficiency of an applicant's evidence of poverty, especially when it comes to prisoners, who have fewer demands on their income because prisons provide them with food, clothing, shelter, and medical care."). The Court will not decide this issue, however, until Plaintiff provides a properly completed application supported by his trust fund statements for the six months preceding the filing of this lawsuit.

For these reasons, Plaintiff's application is denied without prejudice. Plaintiff is directed to either submit a properly completed application that contains all the information specified in this order or to pre-pay the $402.00 filing fee. Payment should be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly identify Plaintiff's name and the case number assigned to this case. Failure to fully comply with this order by the date set forth above will result in dismissal of this case.

Plaintiff's motion for attorney representation is denied without prejudice. There is no right to court-appointed counsel in federal civil cases, but the Court may recruit a lawyer to represent an indigent litigant on a *pro bono* basis. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). In deciding whether to recruit counsel, the Court must determine whether (1) the plaintiff has made a reasonable attempt to retain counsel on his own or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Id.* (citing *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). Because recruited counsel is a limited resource, the Court may also consider the importance and likely merits of the party's claims. *Id.* at 763.

Here, Plaintiff's motion is premature until he submits a properly completed *in forma pauperis* application. In any event, Plaintiff lists only one law firm that he has contacted seeking representation. *See* Mtn. for Attorney, at 1 (Dckt. No. 4). Plaintiff must demonstrate that he has made reasonable efforts to find counsel on his own before the Court will consider recruiting counsel for him. *See Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). This

generally involves the litigant contacting three or more attorneys or legal aid agencies, explaining his claims, and asking the attorney to take his case, *pro bono* if necessary. Plaintiff should save any responses he receives for submission with future motions for attorney representation. Plaintiff may renew his motion should the case proceed on the merits.

Date: December 5, 2023

                                             Steven C. Seeger
                                             United States District Judge